# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACK ALEXANDER MASON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-9313** |
| **KEITH COOLEY, WARDEN** | **SECTION "R"(4)** |

## O R D E R

Before the Court is the **Motion to Stay and Abey (Rec. Doc. No. 7)** filed by the petitioner, Jack Alexander Mason, requesting that this matter be stayed and held in abeyance pending action on his petition for rehearing currently pending before the Louisiana Supreme Court.[1] Mason contends that a ruling in his favor will require additional state court proceedings on his post-conviction claims, and a contrary ruling will complete state court exhaustion of the pending claims, which provides him limited opportunity to meet the federal statute of limitations to seek habeas corpus review.

In accordance with this Court's Order (Rec. Doc. No. 10), the State filed a Response (Rec. Doc. No. 11) to Mason's motion which indicates that the respondent does not oppose a stay.[2]

The Court previously set this matter for submission on June 12, 2019, without oral argument. Because the parties agree to the stay, and the Court finds good cause for the stay of this matter, ruling is proper at this time. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Accordingly,

---

[1] A magistrate judge has authority to address a motion to stay a proceeding, when the order is not dispositive in that it merely suspends the proceedings and does not result in an absolute denial of ultimate relief. *Virgin Islands Water and Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131 (3rd Cir. 2014); *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013); *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010).

[2] Rec. Doc. No. 11.

**IT IS ORDERED** that Mason's **Motion to Stay and Abey (Rec. Doc. No. 7)** is **GRANTED** and consideration of Mason's petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the respondent's defenses thereto is hereby **STAYED**. The Clerk of Court is directed to **CLOSE** the case for administrative and statistical purposes.

**IT IS FURTHER ORDERED** that either Mason or the respondent may move to re-open this matter within sixty (60) days after the Louisiana Supreme Court's ruling on the pending petition for rehearing or following complete exhaustion of state court review of the claims asserted in Mason's § 2254 petition.

New Orleans, Louisiana, this  11th  day of June, 2019.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**